With respect to the term dwelling-house, as used in an indictment for burglary, it hath a technical meaning, not that meaning which is annexed to it in common acceptation. All outhouses standing in the same yard with the dwelling-house, and used by the owner of the dwelling-house as appurtenant thereto, whether the yard be open or enclosed, are in the eye of the law parts of the dwelling-house, and will satisfy that word used in an indictment of burglary. So if a storehouse stand out of the yard and curtilage, and be separated therefrom, but the owner or his servants sometimes sleep therein, it is in law a dwelling-house. 1 H. H. P. C., 557. And here it being proved by Solomon Smith that he acted as the storekeeper of Lawrence Smith, and as his servant, and that he had frequently slept in this house through the fall in which the breaking was committed, if the jury believe the prisoner is the person who broke the house and stole the money as laid in the bill of indictment, they ought to find him guilty of the burglary. He was found guilty accordingly, and had judgment of death; (243) but the Governor pardoned him.
See S. v. Twitty, ante, 102; S. v. Langford, 12 N.C. 253.
Cited: S. v. Whit, 49 N.C. 352; S. v. Jenkins, 50 N.C. 431; S. v.Pressley, 90 N.C. 733. *Page 191